# RUHNKE & BARRETT
ATTORNEYS AT LAW

47 PARK STREET
MONTCLAIR, N.J. 07042
973-744-1000

29 BROADWAY, SUITE 1412
NEW YORK, N.Y. 10006
212-608-7949

973-746-1490 (FAX)

DAVID A. RUHNKE (davidruhnke@ruhnkeandbarrett.com) ◊ JEAN D. BARRETT (jeanbarrett@ruhnkeandbarrett.com)

REPLY TO MONTCLAIR OFFICE

**MEMO ENDORSED**

April 30, 2021

Hon. Kenneth M. Karas, U.S.D.J.
United States District Court
Southern District of New York
300 Quarropas Street, Room 533
White Plains, New York 10601

    Re:    *United States v. Samuel Carlos,* 15-cr-570 (KMK)

Dear Judge Karas:

    I write, respectfully, in response to the government's letter objecting to early termination of Samuel Carlos' period of supervised release.

    The question before the Court is whether Mr. Carlos' conduct and the interest of justice warrant such a termination. 18 U.S.C. § 3583(e)(1). "[E]xceptionally good behavior by the defendant" clearly qualifies as conduct warranting early termination. *See United States v. Lussier,* 104 F.3d 32, 36 (2d Cir. 1997). Mr. Carlos' behavior since his supervisory period began is not simply substantial compliance with the conditions of his supervision, as the government would have it, it has been truly heroic.

    Unlike many higher paid professional health care workers, the contributions during the pandemic of men and women like Mr. Carlos often have been overlooked. *See Essential but undervalued: Millions of health care workers aren't getting the pay or the respect they deserve in the COVID-19 pandemic,* (Brookings Report, May 28, 2020) available at https://www.brookings.edu/research/essential-but-undervalued-millions-of-health-care-workers-arent-getting-the-pay-or-respect-they-deserve-in-the-covid-19-pandemic/(last visited 4/30/2021). Mr. Carlos went directly from prison to a maintenance job in a hospital just as the New York metropolitan area began experiencing the worst stage of the worst pandemic in over 100 years. When others who could, including the undersigned, sheltered at home, Mr. Carlos went to work, never missing a day. He engaged with the young patients. His service was very much appreciated by his employer earning him a promotion. This has been more than compliance with conditions of his supervision. It is exceptionally good conduct qualifying him for termination. As to the interest of justice, maintaining Mr. Carlos under

supervision when the resources of Probation, which supports early termination here, could be redirected to others in need of greater assistance is contrary to that interest.

It is respectfully submitted that Mr. Carlos has earned early termination with his extraordinary dedication to his job during extraordinary times and his support of his family both materially and emotionally.

Respectfully yours,  
*/s/ Jean D. Barrett*  
Jean D. Barrett

encl

cc via email & ecf:   Jason Lerman, USPO  
George Turner

C:\CASE FILES\CLOSED FILES\Carlos\Supervised Release\Letter - Judge Karas 4-30-21.wpd

---

The application for early termination of supervised release is denied. While Mr. Carlos has by all accounts been compliant with the terms and conditions of supervised release, and while his employment at the hospital is admirable, he has served only about a third of his supervised release term. Thus, it is too early to say that Mr. Carlos has exhibited the level of extraordinary circumstances that merits early release. Moreover, in light of the serious offense conduct for which Mr. Carlos was convicted, the Court finds that early release would be imprudent. This denial is without prejudice.

So Ordered.

*[signature]*

5/10/21