

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*50 Main Street , Suite 1100*
*White Plains, New York 10606*

March 3, 2023

**BY ECF AND EMAIL**

Judge Kenneth M. Karas
United States District Judge
Southern District of New York
United States Courthouse
300 Quarropas Street
White Plains, New York 10601

**MEMO ENDORSED**

Re: *United States v. Samuel Carlos,* **15 Cr. 570**

Dear Judge Karas:

The Government respectfully submits this letter in support of its appeal from the order by the Honorable Judith C. McCarthy, United States Magistrate Judge for the Southern District of New York, to release defendant Samuel Carlos on bail pending a violation-of-supervised-release hearing in the above-referenced case. For the reasons set forth below, based on his recent crime spree, Carlos cannot meet his showing by clear and convincing evidence that he is not a danger to the community or a flight risk.

**I.   Background**

On June 9, 2017, Carlos was sentenced to 36 months' imprisonment and 36 months' supervised release for his role as a getaway driver for a murder committed in Mt. Vernon, New York, and conspiring to distribute and possessing with intent to distribute cocaine and marijuana. *See* PSR ¶¶ 29-30; Dkt. No. 122 at 2-3.  On March 3, 2020, Carlos commenced his supervised release.  Over the past nearly six months, Carlos has repeatedly and blatantly violated the terms of his supervised release.

**A.   Carlos Stole More Than $7,500 of Goods From Three Businesses During His Crime Spree**

Between on or about November 6, 2022, and on or about January 26, 2023, Carlos went on a crime spree that involved three thefts of approximately $7,500 of stolen goods.  The three thefts, as well as Carlos's relevant contact with Probation, occurred as follows:

- On or about November 6, 2022, Carlos left the judicial district without the permission of the Court or Probation and went to a jewelry store in Danbury, Connecticut.  There, he asked a store employee for help finding a chain to match his gold bracelet.  When the employee handed Carlos a gold chain (valued at $5,199) to look at, he took the

- chain, ran out the store and fled. Law enforcement, based partly on security camera footage, were able to identify Carlos.

- On or about November 13, 2022, Carlos again left the judicial district without the permission of the Court or Probation and went into a jewelry store, this time in Livingston, New Jersey.  Carlos again asked a store employee to see a gold chain necklace, and as the employee handed the chain (valued at $1,510) to him, Carlos snatched the chain and ran out the door, as he did in the Danbury robbery just days earlier. After an investigation, which included review of security camera footage, Carlos was arrested on or about December 20, 2022. Carlos never self-reported his arrest or out-of-district travel to Probation.

- On or about December 8, 2022, Probation received an email from Carlos's counsel asking whether Probation would support a request to terminate Carlos's supervised release immediately, ahead of the March 2, 2023 expiration date. Carlos's attorney did not say anything in the email about the thefts in Danbury or Livingston or Carlos's impermissible travel outside the judicial district.  Probation responded it would not support early termination for Carlos.

- On or before about January 26, 2023, Carlos had entered a department store, loaded up a shopping cart with items, left the store without paying, loaded the stolen items into a black car, and drove off.  On or about January 26, 2023, the Mt. Vernon Police Department ("MVPD") was called because Carlos brazenly returned to the store and once again began loading another shopping cart with goods.  While MVPD was speaking to store security, Carlos abandoned his cart and walked out the store.  MVPD tried to speak with Carlos outside the store, but he fled and attempted to get into his car.  When he couldn't get into his car quickly enough. Carlos continued to flee on foot, all the while ignoring MVPD's repeated commands to stop. MVPD caught him approximately a block or two away from the department store.  When they arrested him, they found a knife in his pocket.  Carlos is charged in Westchester County with grand larceny in the fourth degree for stealing property valued in excess of $1,000.

- On or about January 30, 2023, Probation asked Carlos to report to the Probation office. At the meeting, Probation notified Carlos that it was aware of his arrests for the Livingston and Mt. Vernon thefts.[1] Without questioning from Probation, Carlos described some of the circumstances of the Mt. Vernon arrest with Probation, including admitting to stealing the items. The Probation officer stated further that it would notify the Court about both the arrests for the Mt. Vernon and Livingston thefts.

---

[1] Because Danbury authorities were still completing their investigation at the time, Probation did not notify the defendant that Probation was aware of the theft in Danbury.

### B. Carlos's Arrest, Presentment, and Bail Hearing

On March 1, 2023—one day before Carlos's supervised release was set to expire—Probation called Carlos into the Probation office to sign paperwork.[2] Although Carlos knew, based on a prior conversation with Probation on January 30, 2023, that Probation had notified the Court of two of the three thefts described above, Probation did not tell him before his arrival at the office that he was going to be arrested. It was only after Carlos arrived at the Probation office and the United States Marshals Service arrested Carlos that he learned that there was a warrant out for his arrest for violating his conditions of supervised release. At the time of his arrest, Carlos was wearing two gold chains, which were later verified by employees at the jewelry stores as the chains that had been stolen.

Later that same day, March 1, 2023, Carlos was presented before the Honorable Judith C. McCarthy, United States Magistrate Judge for the Southern District of New York. At the presentment hearing, Carlos told the Court that his brother had died in December 2021 and that he lost his job in 2022. The Government argued for detention based on danger to the community and risk of flight grounds.

Judge McCarthy denied the Government's motion for detention finding that Carlos had overcome the high burden of providing clear and convincing evidence that he was not a danger to the community and not a flight risk.[3] Carlos was then released on his own recognizance and under the same conditions of his supervised release.

Upon his release, Carlos was detained by the White Plains Police Department because the Danbury State's Attorney's Office had lodged a detainer for Carlos's arrest but could not take him into their custody until an extradition hearing had taken place. An extradition hearing in Westchester County Court is currently scheduled for March 3, 2023, at which time, should he be extradited, he will be transferred to the custody of the state of Connecticut. A request to Judge McCarthy to stay her decision granting bail is pending. In the event she denies that request the Government respectfully requests that the Court stay the order until this Court can consider the matter.

## II. Applicable Law

Under 18 U.S.C. § 3145(a), the district court may review *de novo* a magistrate judge's order to release a defendant pending a hearing on a violation for supervised release. *See United States v. Leon*, 766 F.2d 77, 80 (2d Cir. 1985) (in the context of pre-trial release). Because Carlos

---

[2] As explained by Probation, the decision was made to have Carlos come to the Probation office, where U.S. Marshals could safely arrest him without potentially jeopardizing the safety of both Carlos and his elderly parents at his parents' home, where he was living at the time.

[3] The Government has requested and is awaiting a transcript of the bail hearing. The Government will forward the transcript to the Court and defense counsel once it has received a copy.

was arrested for violating his conditions of supervised release, the very high "burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the person." Fed. R. Crim. P. 32.1(a)(6).[4] The Court must order detention where "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). The Court "does not need to find both bases are proven in order to order a defendant's detention," as a finding of either dangerousness or risk of flight may justify remand. *United States v. Epstein*, 425 F. Supp. 3d 306, 312 (S.D.N.Y. 2019).

### III.  Carlos Has Not Met His Very High Burden of Showing by Clear and Convincing Evidence That He is Not a Danger to the Community or a Flight Risk

The Government respectfully submits that Carlos has not met the very high burden of showing by clear and convincing evidence that he will not flee or does not pose a danger to any other person or the community. He engaged in repeated thefts over a nearly six-month period and did so by leaving the district on at least two occasions. This was not an isolated minor lapse in judgement by Carlos. It was a repeated pattern of criminality.

*First*, Carlos's offense conduct of thefts demonstrates that he poses a clear risk of physical and economic harm to members of the community. Because his *modus operandi* does not require anything more than a getaway car (which he has ready access to given that the car he used for at least one of his thefts was registered to his elderly mother) and swift feet,[5] his crime is easily repeatable, thereby exposing the community to the risk that he will continue his crime spree. Furthermore, the act of physically taking property from persons in a store or business where customers come and go poses an inherent risk of unpredictability and danger. The unpredictability and danger are exacerbated by Carlos carrying a knife with him (at least on his last known attempted theft). In addition, running or speeding away in a vehicle poses further dangers to the community. That Carlos was lucky enough not to hurt anyone during his thefts so far is not clear and convincing evidence that he is not a danger to the community.

*Second*, Carlos is a risk of flight due to the actions that he has already taken to evade law enforcement during his attempted theft at the department store on or about January 26, 2023. When officers from the MVPD tried to talk to him, Carlos ran away from the officers and continued to run even when officers gave repeated commands to stop. Carlos initially tried to run and get into

---

[4] Fed. R. Crim. P. 46(d) states that "Rule 32.1(a)(6) governs release pending a hearing on a violation of probation or supervised release."

[5] Although Carlos raised the fact that he had fallen on hard times after his brother died in December 2021 and lost his job in 2022, the Government does not believe that being impoverished is the motivation for his Carlos's crimes. Carlos did not sell the gold jewelry in order to buy food or necessities for himself or his family—instead he was wearing both gold chains he had stolen when he was arrested.

his car, but after he had run approximately a block or two away from the department store, he was caught by police.

Carlos's evasion and risk of flight are also evidenced by his actions of, in the hopes of escaping prosecution for violating his supervised release, attempting to deceive Probation and the Government into supporting early termination of his supervised release. Just a few weeks after he had committed his thefts in Danbury and Livingston, Carlos asked if Probation would support a request for immediate termination of his supervised release. He made the request while withholding from Probation the fact he had committed thefts in Danbury and Livingston just a few weeks earlier, and that he had traveled out of the judicial district. Had he successfully deceived Probation and the Government, he would have made a request for early termination to the Court under the guise of support from Probation and the Government. Had the Court granted his request, he might have been able to commit one or more of his thefts without facing federal prosecution for violating supervised release.

Carlos argues he is not a flight risk because he came to the Probation office willingly on March 1, 2023, despite knowing that Probation had notified the Court of his prior arrests for two of the thefts. However, at the time that he came to the Probation office on March 1, 2023, Carlos was not notified ahead of time that there was a warrant for his arrest or that he would be arrested by the U.S. Marshals.[6] Accordingly, the fact Carlos came to the Probation office is not evidence he willingly turned himself in, and certainly not clear and convincing evidence that he is not a flight risk.

---

[6] Judge McCarthy noted that Carlos was not given an opportunity to turn himself in. However, Your Honor had issued an arrest warrant, and the United States Marshals were well-advised to arrest him in the most reasonable and safest manner as they determined, particularly given his prior attempts to flee from law enforcement.

Page 6

## IV. Conclusion

For the reasons set forth above, the Government respectfully submits that Carlos has not met the very high burden of showing by clear and convincing evidence that he is not a danger to the community or a flight risk. The Government therefore respectfully submits that Carlos should be detained pending a hearing on his violations of supervised release.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney
Southern District of New York

By: _____/s/_____
Timothy Ly
Assistant United States Attorney
(914) 993-1910

cc:   Jean Barrett, Esq. (by ECF and Email)
      Joseph Lombardo, US Probation Officer (by Email)

The Court will hold a bail hearing on March 7, 2023 at 10:30 AM.

SO ORDERED

KENNETH M. KARAS U.S.D.J.

March 3, 2023